IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 20-00089-JB |
| | * | |
| MARK W. COOPER | * | |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO SUPPRESS (Doc. 118)**

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and files its response to the defendant's abovecaptioned motion (Doc. 118) as follows:

**Facts**

The Government expects that the evidence will show that on or about November 4, 2018, shortly after midnight, the defendant Mark Wayne Cooper was encountered by law enforcement officers in Bay Minette.  This time, Cpl. Jimmy Stracener was on routine patrol in the area of government housing located at 406 Martin Luther King Jr. Boulevard when he observed a red Ford Focus parked in front of that address.  Bay Minette police had been asked by officials at the housing authority to contact individuals who are loitering on their property that are not on the leases.  The housing authority had requested that officers give a warning for trespassing to any subjects found on the property without permission.  The housing authority management had provided the police with a list of lawful tenants on their properties.

On this occasion, Cpl. Stracener observed that a white male was seated in the Ford.  He knew that the residence at 406 was leased to C. G., due to his responding to prior calls for service at that address.  Cpl. Stracener stopped and contacted the subject in the Ford, who was identified as the defendant, Cooper.  Cpl. Stracener asked Cooper about his presence at the address, and he

1

claimed he lived in apartment 406B. Cpl. Stracener said he knew who lived there and asked Cooper for that person's name. Cooper said he only knew her as "DeeDee." Cpl. Stracener confirmed on the tenant list that C. G. was the tenant at 406, and that Cooper was not listed.

During his contact with Cooper, Cpl. Stracener observed that Cooper was extremely nervous and fidgety. He asked Cooper to step out of the vehicle for a pat-down for weapons. Cpl. Stracener felt two bags in his right front pocket. He asked Cooper about the bags, and Cooper immediately stiffened up. According to the report, Cpl. Stracener believed that Cooper might have narcotics in his pocket. He next questioned Cooper about his arrest history. Cooper admitted he had a previous arrest for manufacturing a controlled substance.

At this time, Cpl. Stracener extracted the bags from Cooper's pocket, and they appeared to contain methamphetamine. Cooper immediately claimed that he pants he was wearing were not his pants. Then he claimed the officer planted the items in his pocket. The officer arrested Cooper for possession with intent to distribute a controlled substance. The drugs were submitted to the DEA laboratory for analysis, and tested at 20.91 grams of methamphetamine at 82% purity, or 17.14 grams of actual methamphetamine.

**Argument**

The defendant's motion seeks to suppress "the alleged contraband and subsequent statements" which occurred from the incident detailed above. As an initial matter, the Government submits that the motion fails to identify with specificity which evidence is sought to be suppressed and on what specific grounds. A motion failing to state these grounds is insufficient on its face to support a need for a hearing, and it is due to be denied without a hearing. See *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000) (a motion to suppress must be sufficiently specific, not making mere conclusory allegations, citing *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir.1985)).

Specifically, while the motion identifies the incident relating to the discovery of the

methamphetamine, there is no allegation relating to a voluntary or post-Miranda statement. The Government is unable to respond unless allegations relating to a statement are contained in the motion.

If the Court finds that the motion is facially sufficient, the Government submits it is due to be denied. In *Terry v. Ohio*, 392 U.S. 1, 26-27 (1968), the Supreme Court recognized that there is a narrowly drawn exception which permits a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. In determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or hunch, but to the specific reasonable inference which he is entitled to draw from the facts in light of his experience. *Id*. This is the so-called "Terry pat." The purpose of a Terry pat-down search is not to discover evidence of a crime, but to allow the officer to pursue his investigation without fear of violence. *United States v. Walker*, 65 F. Supp. 3d 1385 (M. D. Ga. 2014), citing *Adams v. Williams*, 407 U.S. 143, 145-46 (1972).

In *Minnesota v. Dickerson*, 508 U.S. 366, 375-376 (1993), the Supreme Court further recognized that nonthreatening contraband detected through sense of touch during a pat down may be seized. "If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the pain-view context." *Id*.

As applied to the facts in the instant case, the officer was on routine patrol in an area where the property owner had made prior complaints to the police about non-residents loitering on the premises, alleging that there was a history of people other than tenants unlawfully on the

3

premises. Cooper lied to the officer about being a lawful resident at the apartment where he was sitting in a vehicle parked out front of an apartment. In this investigation, the officer was obliged to question the defendant about his presence on the property and while so doing, he was entitled to ask Cooper to step out of the vehicle and to conduct a Terry pat-down for safety's sake. See *United States v. Purcell*, 236 F.3d, 1274, 1277 (11th Cir. 2001); *Maryland v. Wilson*, 519 U.S. 408, 410 (1997): *Pennsylvanie v. Mimms*, 434 U.S. 106, 110-112 (1997) (during a lawful traffic stop, officers may take steps that are reasonably necessary to protect their personal safety, including requiring the driver to exit the vehicle "as a matter of course."). When the officer felt the two bags in Cooper's pocket, the officer simultaneously questioned Cooper about the bags. Cooper's reaction was to "stiffen up," and Cooper also admitted that he had criminal history for drugs. The totality of the circumstances in this case establish that the officer had probable cause to remove the bags from Cooper's pocket.

"In dealing with probable cause . . ., we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act . . . . 'The substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt.'" *United States v. Smith*, 459 F.3d 1276, 1291 (11th Cir. 2006), citing *Brinegar v. United States*, 338 U.S. 160, 175 (1949). Probable cause must not be judged with clinical detachment, but with a common sense view to the realities of normal life. *United States v. Herzbrum*, 723 F.2d 773, 775 (11th Cir. 1984). There is no rule of law which requires an officer to know with absolute certainty that all elements of a putative crime have been completed when he seizes an article which reasonably appears to be incriminating evidence. *United States v. Slocum*, 708 F.2d 587, 605 (11th Cir. 1983).

Based upon information in the report, there is no indication that the officer further manipulated the bags in Cooper's pocket in contravention of *Hernandez's* "plain feel" exception. Instead, he questioned Cooper about the bags, observed his Cooper's reaction, and discovered

4

that Cooper had criminal history for drugs. Cooper's false statement claiming to be a resident and the history of prior calls to the police for assistance at the premises add to the facts constituting probable cause. The situation is similar to that recounted in *United States v. Smith*, 694 F. Supp. 2d 1242 (M. D. Ala. 2009).

There, the officer smelled marijuana and was aware that Smith was armed. During a pat-down, the video showed that the officer began to manipulate the item in Smith's pants pocket. However, the officer questioned Smith about the odor of marijuana rather than removing the item from Smith's pocket, and Smith attempted to run. He was apprehended after only a few steps. The Court found probable cause to arrest Smith and that the item in his pocket (bags containing crack cocaine, marijuana and scales) was removed after a search subsequent to his arrest. *Id*. at 1252. Although the facts in *Smith* showed probable cause to arrest Smith and to conduct the search of Smith's pocket thereafter, the point for purposes of the instant analysis is that Smith's subsequent actions affected the reasonableness of the officer's actions.

In the instant case, Cooper had lied to the officer about being a lawful resident at the apartment. The officer was alone in an unsecured area where there had been numerous prior calls for service, and Cooper was in a vehicle. Upon patting Cooper down, the officer felt the bags in his pocket which he believed to be contraband. The officer did not remove them at that time, but asked Cooper about them. Cooper reacted in a way that contributed to the officer's belief that the bags did contain contraband, and admitted criminal history involving drugs. These additional facts established a "fair probability" that the items in Cooper's pockets were contraband and that a crime was being committed, thus constituting probable cause for the officer to remove the bags from Cooper's pocket. Accordingly, the officer's actions in seizing the drugs from Cooper's pocket did not offend the Constitution and the methamphetamine in the bags is admissible evidence.

WHEREFORE, the Government files its response in opposition to the motion to suppress

and submits that the motion is due to be denied.

                Respectfully submitted,

                RICHARD W. MOORE
                UNITED STATES ATTORNEY

                By: s/Gloria A. Bedwell
                Gloria A. Bedwell bedwg1000
                Assistant United States Attorney
                63 South Royal Street, Suite 600
                Mobile, Alabama 36602
                (251)441-5131 (fax)
                (251)441-5845
                gloria.bedwell@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I certify that I have filed a copy of the above pleading with the Clerk of Court using CM/ECF, which automatically serves a copy of the same upon the attorney of record for the defendant, this 6th day of January, 2020.

                s/ Gloria A. Bedwell
                Gloria A. Bedwell
                Assistant United States Attorney