## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALA BAMA

UNITED STATES OF AMERICA

CASE NO:  20-CR-89

v.

MARK WAYNE COOPER

## DEFENDANT MARK WAYNE COOPER'S MOTION TO SUPRESS EVIDENCE AND BRIEF IN SUPPORT THEREOF

COMES NOW, the Defendant, by and through the undersigned, and hereby files his

Motion to Suppress and Brief in support thereof as follows:

## MOTION TO SUPPRESS

1.  On September 11, 2018 Baldwin County Sheriff's Office deputies encountered the

    Defendant at his home in Baldwin County.  The deputies did not have a search

    warrant.  Instead, they acquired the Defendant's consent to search his home.  During

    the search the deputies found narcotics paraphernalia and methamphetamines.  The

    defendant executed a consent to search form.

2.  During the search on September 11 the Defendant also executed a Miranda waiver.

    During his statement he admitted to buying and selling methamphetamines.

3.  As will be explained in Defendant's Brief in Support, the Defendant was under the

    influence of methamphetamines when he executed the consent form and the Miranda

    waiver.  As such, Defendant neither the waiver nor the consent to search were freely,

    knowingly, voluntarily, and intelligently given by the Defendant.  Accordingly, the

    undersigned respectfully requests that the Court suppress the Defendant's statement

    in its entirety.

## BRIEF IN SUPPORT OF MOTION TO SUPPRESS

### I.      PRELIMINARY MATTERS

1. The undersigned is the third lawyer to represent the Defendant in this matter.  The undersigned was appointed on May 10, 2021.

2. Shortly thereafter, the Defendant was transferred out of the Southern District for a mental evaluation.  The evaluation was provided to the Court on or about August 13, 2021.

3. The Court scheduled a Competency Hearing on October 15 wherein the Defendant was found competent to stand trial.  The Court also entertained several pro se motions filed by the Defendant as well as a Motion to Suppress filed by previous counsel.  The Court set aside all pending motions without prejudice and with leave to refile.  The Court set no further motion deadlines.

### II.      THE COURT SHOULD SUPPRESS ALL EVIDENCE OBTAINED DURING THE SEARCH OF THE DEFENDANT'S RESIDENCE AND THE STATEMENTS MADE BY THE DEFENDANT ON SEPTEMBER 11.

4. A narrative prepared by BCSO Deputy Harville provides that on September 11, 2019, BCSO deputies went to a home that was owned by Clay Bennett Jr.'s mother.  The deputies did not have a search warrant for the premises but had warrants for Mr. Bennett's arrest.  While there they spoke with the Defendant, who lived in a garage apartment at the residence.  The deputies claim that Cooper invited him into his apartment to speak with him.

5. While inside the apartment Deputy Harville "observed" that the Defendant was "extremely manic and was unable to remain still."  Upon questioning by Deputy Harville the Defendant informed him that he had recently used methamphetamine.  Due to the Defendant's "manic" behavior, the Deputy asked if him if he was armed.  In response, the

Defendant turned his pants pockets inside out.  A substance believed to be methamphetamines fell from the Defendant's pocket as he did so.

6.  The officers then asked for consent to search his apartment and presented him with a Miranda waiver and Consent to Search Form.  The Defendant executed both forms.  A subsequent search of the apartment revealed the presence of digital scales, money, and plastic baggies.

7.  Defendant then stated to the Deputies that "approximately half" of the money found was from the sale of methamphetamine.  Upon further questioning he also stated that he purchased "an ounce or two" of methamphetamine from co-defendant Bennett each week.

8.  In U.S. v Taylor, 745 F3d 15 (2nd Cir. 2014), Taylor was charge with *Hobbs Act* Robbery for the armed robbery of a pharmacy.  Shortly after his arrest, Taylor signed a Miranda waiver and confessed to his involvement in the robbery.  Taylor argued before the District Court that his confession was involuntary and should be suppressed because he was intoxicated on Xanax.  The District Court denied the motion.

9.  The Court of Appeals reversed.  In so holding the Court held as follows:

"It is difficult to determine whether a confession is voluntary; case law "yield[s] no talismanic definition" for the term. Schneckloth v. Bustamonte, 412 U.S. 218, 224 (1973). **It is clear, however, that when "a person is unconscious or drugged or otherwise lacks capacity for conscious choice," a confession cannot be voluntary."** id. (emphasis added).

10. Furthermore, in Townsend v. Sain, 372 U.S. 293 (1963),  the Supreme Court overturned a murder conviction because the defendant's conviction was determined to be involuntary. In that case, the defendant suffered from stomach pains induced by heroin withdrawal. The police properly contacted a physician who administered medications alleviating the

withdrawal symptoms. The defendant then confessed. id., at 298 "Although the physician denied that he purposely administered "truth serum," there was an indication that the medications could have had such a side effect upon a narcotic addict." id., at 302.

11. The undersigned submits that the Defendant's methamphetamine intoxication renders both his consent to search his residence and his statements to the authorities involuntary. Pursuant to relevant authority submitted herein, the undersigned respectfully requests that the Court grant his Motion to Suppress both the statement given to the authorities as well as the warrantless search of his residence.

## III.    THE COURT SHOULD SUPPRESS THE EVIDENCE SEIZED FROM THE DEFENDANT ON NOVEMBER 14, 2018

12. As previously noted, the Court dismissed former counsel's previously filed Motion to Suppress without prejudice and with leave to refile.  The undersigned has reviewed same and believes it adequately addresses the issues presented by the illegal search and seizure on November 14, 2018.  The undersigned relies upon the following portions of the Motion which are presented in verbatim form as follows:

13. "On or about 11/4/18, while a Bay Minette Police officer was patrolling Housing Authority property came in contact with Defendant sitting his vehicle. The officer approached Defendant to inquire as to the reason he was there. Upon making contact, the officer alleges that Defendant was acting nervously and reaching around the vehicle. As such, the officer requested that Defendant step out of the vehicle for a weapons search (Terry Pat). The officer allegedly felt two bags in Defendant's right front pocket. The officer then asked Defendant about the contents. The officer then stated that Defendant "stiffened up," alerting the officer that the contents were possibly narcotics. At that time,

the officer extracted the contents from the pockets without Defendant's consent. The

contents are alleged to be approximately 22 grams of methamphetamine.

14. It is averred that the search was unlawful, and any alleged contraband discovered is due

to be suppressed as the search violated the 4th Amendment to the United States

Constitution as the officer went far beyond the restrictions of a routine weapons search

via Terry v. Ohio, 392 U.S. 1 (1968). Defendant seeks a hearing to determine whether his

Constitutional rights were violated, as the officer is alleged to have manipulated

Defendant's clothing, in violation of the parameters of a proper Terry Pat. Ultimately, the

officer simply began extracting the pocket contents without proper authority or consent to

do so.  As a result of the illegal search and seizure, any subsequent statements obtained

from Defendant were involuntary, were tainted by the unlawful search and were obtained

in violation of his Constitutional rights, specifically, in violation of his 5th and 6th

Amendment rights. The seizure in this action was done so without lawful authority or any

recognized exception, and the agents exploited circumstances to obtain the evidence.

Therefore, all evidence seized and all statements are due to be suppressed and excluded."

## CONCLUSION

15. The undersigned respectfully requests that the Court set this matter for a hearing and

afterwards issue an Order granting Defendant's Motion to Suppress.

Respectfully submitted,

/s/Michael Hickman
Michael Hickman
Attorney for Defendant
207 Church Street
Mobile, Alabama 36602
251-300-4333
Michael.Hickman.Lawyer@gmail.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this the 16th day of November, 2021 I served a copy of the foregoing upon all counsel of record via the CM/ECF system.
<u>/s/Michael Hickman</u>