# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

UNITED STATES OF AMERICA

v.

CASE NO.: 20-CR-89

MARK WAYNE COOPER

## DEFENDANT'S SENTENCING MERMORANDUM AND MOTION FOR A DOWNWARD VARIANCE

COMES NOW, the Defendant, Mark Cooper, by and through the undersigned, and hereby files his Sentencing Memorandum in this matter. The Defendant has objected to the 2-point enhancement found at §2D1.1(b)(1) of the guidelines. " For the 2D1.1(b)(1) firearms enhancement for co- conspirator possession to be applied to a convicted defendant, the government must prove by a preponderance of the evidence: (1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant." *U.S. v. Gallo,* 133 F3d 1278 (11th Cir. 1999). The discovery in this matter and the PSR show only that weapons were discovered during a search of co-defendant Bennett's apartment. The remaining elements of the enhancement are contested by the Defendant.

In the event that the Court finds the enhancement applies, the Defendant submits that the Court should vary downward from the guidelines and sentence the Defendant to the minimum ten year period of incarceration imposed by Count One of the Indictment. In support thereof, Defendant would show unto the Court as follows:

In addition to guideline considerations, the court must look to all of the factors listed in 18 U.S.C. § 3553(a). The guidelines are but another factor to be considered with all of the

§ 3553(a) factors and should be given no more weight than any of the other factors. See *United States v. Ranum*, 353 F. Supp. 2d 984 (E.D. Wis. 2005); *United States v. Meyers*, 353 F. Supp. 2d 1026 (S.D. Iowa Jan. 26, 2005); but see *United States v. Wilson*, 350 F. Supp. 2d 910 (D. Utah 2005) (Court will give heavy weight to the recommended guidelines sentence in determining what sentence is appropriate). The court should, in this case, strongly consider 18 U.S.C. § 3553(a)(1), the nature and circumstances of this offense and the nature and characteristics of the defendant.

I. **The nature and characteristics of the defendant.**

Mark Cooper is a drug addict. He began using marijuana at age 13. By age 16 he was using powder cocaine daily. By age 21 he was smoking crack cocaine daily. He has also abused Valium and Lortab since 1985. He began using methamphetamine in 1995 and used it daily until his arrest in this matter in November, 2018.

As the Court would expect, Mr. Cooper's has spent most of his adult life in and out of jail. The PSR shows multiple arrests for misdemeanors that were ultimately dismissed or for which the defendant served minimal jail time. The Defendant has three felony convictions, all of which are for narcotics offenses. The Defendant has no arrests for any violent offense nor has he ever committed violent offense or any offense involving the use of a firearm.

As the Court would also expect, the Defendant's drug addiction has destroyed his family relationships and his health. He has been married and divorced twice. He has five children. He has no relationships with any of his ex-wives or his children. Mr. Cooper was ordered to be examined by the BOP during the pendency of this case. He was diagnosed with "Severe Amphetamine Use Disorder with Amphetamine Induced Psychotic Disorder." (PSR ¶71).

Mr. Cooper is not a violent criminal. As noted, he has no convictions for any crime of violence nor has he ever been apprehended with or used a firearm to commit a crime. His crimes arise from his drug addiction, not because he is a danger to the community.

## II.     The defendant's role in this matter was limited.

Mr. Cooper's role in this offense was somewhat limited. Co-Defendant Bennett admitted to distributing over 48 kilograms of methamphetamine in this case. Defendant Cox admitted to buying and selling four ounces of methamphetamine from Bennett for approximately four months before her arrest. Cox admitted to over 1 kilogram of methamphetamine as relevant conduct in this matter. In fact, the authorities made multiple buys of narcotics from all defendants in this case via the use of confidential informants except for Mr. Cooper. Mr. Cooper has admitted that he is responsible for 498 grams of methamphetamine as relevant conduct, which is far less that the 48 kilograms Bennett has admitted to distributing and less than half of the amount Cox admitted to distributing.

## CONCLUSION

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify the crime and the punishment to ensue." Koon v. U.S., 518 U.S. 81, 113 (1996). The undersigned respectfully requests that the Court consider the 3553(a) factors outlined herein and sentence the Defendant to a minimum term of incarceration.

Respectfully submitted,

*/s/ Michael Hickman*
Michael Hickman
207 Church Street
Mobile, Alabama 36602
(251)300-4333

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was served this the 14th day of June, 2022 upon all counsel of record by electronically filing the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/Michael Hickman*